1  MONICA RIEDER (State Bar No. 263250)
   mrieder@lgbfirm.com
2  ROYE ZUR (State Bar No. 273875)
   rzur@lgbfirm.com
3  LANDAU GOTTFRIED & BERGER LLP
   1880 Century Park East, Suite 1101
4  Los Angeles, California 90067
   Telephone: (310) 557-0050
5  Facsimile: (310) 557-0056

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

10

| 11  In re | Case No.  8:19-bk-11218-MW |
|---|---|
| 12  US DIRECT, LLC, | Chapter 7 |
| 13              Debtor. | **CHAPTER 7 TRUSTEE'S NOTICE OF** |
| 14 | **MOTION AND MOTION FOR ORDER** |
| | **PURSUANT TO FRBP 9019 APPROVING** |
| 15 | **RELEASE AGREEMENT BETWEEN** |
| | **CHAPTER 7 TRUSTEE AND** |
| 16 | **ADVANTAGE SALES & MARKETING** |
| | **LLC FORMERLY D/B/A TAKE 5 MEDIA** |
| 17 | **GROUP; MEMORANDUM OF POINTS** |
| | **AND AUTHORITIES; DECLARATION** |
| 18 | **OF JEFFREY I. GOLDEN IN SUPPORT** |
| | **THEREOF** |
| 19 | |
| 20 | [No hearing required unless requested pursuant |
| | to 2014-1(b)] |
| 21 | |

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES ENTITLED TO NOTICE:**

      **PLEASE TAKE NOTICE** that Jeffrey I. Golden, Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of US Direct, LLC (the "Debtor"), hereby moves (the "Motion") for entry of an order (1) approving, pursuant to Federal Rule of Bankruptcy Procedure 9019, the proposed *General Release Agreement* (the "Agreement") between the Trustee, on the one hand, and Advantage Sales & Marketing LLC, which formerly did business as Take 5 Media Group ("Advantage"), on the other hand; and (2) authorizing the Trustee to enter into the proposed Agreement on the terms provided therein.

      **PLEASE TAKE FURTHER NOTICE** that the salient terms of the proposed Agreement are:

      1.      Advantage shall pay the Trustee $52,009.31 (the "Settlement Payment"), which comprises (a) $50,009.31, which Advantage has represented constitutes a full refund of all payments made to the Take 5 Media Group business unit of Advantage (the "Take 5 Unit") by the Debtor, and (b) $2,000 to defray the Trustee's expenses in bringing this Motion; and

      2.      Upon receipt of the Settlement Payment, the Trustee shall provide a general release of all claims the Estate may have against Advantage related to the Take 5 Unit, provided, however, that if Advantage's representation understates the amount of money received from the Debtor by the Take 5 Unit by more than $2,000, the releases in the Agreement shall be void ab initio, and the Trustee shall be free to pursue any and all claims the Estate may have against Advantage.

      **PLEASE TAKE FURTHER NOTICE** that the Trustee seeks approval of the Agreement on the grounds that it is fair and equitable and in the best interest of the estate, in that (1) it will result in the payment of more than $50,000 in cash into an estate that currently has no funds; (2) it allows the Trustee to resolve the potential dispute with Advantage with minimal expense and despite the fact that the Trustee currently lacks access to the Debtor's historical financial records; and (3) if the Trustee later discovers that the Estate has substantially greater claims against Advantage than Advantage has represented, the releases in the Agreement shall be void and the

1

1  Trustee shall be free to pursue those claims on behalf of the Estate.

2      **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice, the

3  attached Memorandum of Points and Authorities, the Declaration of Jeffrey I. Golden, the

4  arguments of counsel, and other admissible evidence properly brought before the Court at or before

5  any hearing on this Motion.

6      **PLEASE TAKE FURTHER NOTICE** that any response and request for hearing, in the

7  form required by Local Bankruptcy Rule 9013-1(f), must be filed with the Court (Clerk of the

8  Court, United States Bankruptcy Court, 411 West Fourth Street, Santa Ana, CA 92701) and served

9  on the Trustee and the United States Trustee, at the following addresses, not later than 14 days, plus

10 three days for service by mail, after the date of service of this notice:

11     1.  Counsel for the Trustee—Landau Gottfried & Berger LLP, Attention:  Monica Rieder,

12 1880 Century Park East, Suite 1101, Los Angeles, CA 90067; and

13     2.  United States Trustee—Office of the United States Trustee, Attention:  Frank Cadigan,

14 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701.

15     **WHEREFORE**, the Trustee respectfully requests that the Court:  (1) grant this Motion; (2)

16 approve the Agreement; (3) authorize the Trustee, in his capacity as trustee for the Estate, to enter

17 into the proposed Agreement on the terms provided therein; and (4) provide such other related relief

18 as may be necessary to effectuate the foregoing.

19

20  Date: October 21, 2019                    LANDAU GOTTFRIED & BERGER LLP

21

22                                            /s/ Monica Rieder
                                             MONICA RIEDER
23                                           Attorneys for Jeffrey I. Golden,
                                             Chapter 7 Trustee

24

25

26

27

28

2

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

Jeffrey I. Golden (the "Trustee"), the chapter 7 trustee for the bankruptcy estate (the "Estate") of debtor US Direct, LLC (the "Debtor"), hereby submits this Memorandum of Points and Authorities in support of his *Motion for Order Pursuant to FRBP 9019 Approving Release Agreement Between Chapter 7 Trustee and Advantage Sales & Marketing LLC Formerly D/B/A Take 5 Media Group* (the "Motion").

## I.    FACTS

### A.    Filing of the Involuntary Petition

On April 1, 2019, Future Logistics, Inc. filed an involuntary chapter 7 bankruptcy petition against the Debtor.  On April 26, 2019, the Debtor filed an Answer to the involuntary petition. [Docket No. 14.]  On May 6, 2019, the Debtor filed a brief in response to the involuntary petition, in which the Debtor alleged that it received gross income of over $61 million in 2018.  [Docket No. 25, *Declaration of Brian Hauck*, ¶ 1.]  On May 28, 2019, the petitioning creditor and the Debtor filed a stipulation consenting to entry of an order for relief effective June 28, 2019.  [Docket No. 46.]  On May 30, 2019, the Office of the United States Trustee filed a notice of appointment of Mr. Golden as Chapter 7 trustee.  [Docket No. 54.]  On June 7, 2019, the Court entered an order for relief effective June 28, 2019.  [Docket No. 66.]

### B.    Background Regarding the Debtor's Business

The Trustee is informed that, prior to its bankruptcy, the Debtor was a direct mail business. The Debtor's headquarters, prior to its shutdown, were located 1700 Barranca Parkway, Irvine, CA 92606.  The Debtor had two more business locations in Illinois and New Jersey.  In one or more of its locations, the Debtor housed heavy stationary equipment used in the course of its direct mail business.  Declaration of Jeffrey I. Golden ("Golden Declaration"), ¶ 2.

### C.    The Trustee's Lack of Information Due to the Debtor's Failure to Comply with Its Obligations

Pursuant to the Court's amended order for relief, the Debtor was required to file schedules, the statement of financial affairs, and a list of all creditors by no later than July 5, 2019.  The Debtor failed to meet that deadline.  Additionally, the Debtor did not appear at the § 341 meeting of

3

1    creditors on July 10, 2019.  Golden Declaration, ¶ 3.

2         On July 30, 2019, the Debtor's counsel, attorney Donald W. Sieveke, filed a motion to be

3    relieved as counsel for the Debtor.  Mr. Sieveke's motion appears to be based on the lack of

4    communication or contact from Hauck and (presumably) Mr. Sieveke's inability to continue

5    representing the Debtor without such communication.  [Docket No. 84.]

6         On August 14, 2019, the Trustee held a continued § 341 meeting of creditors.  The Debtor's

7    managing member Brian Hauck ("Hauck") appeared on behalf of the Debtor.  Based on Hauck's

8    assurances that the Debtor will be filing schedules shortly, the Trustee continued the meeting of

9    creditors to September 18, 2019.  Although Hauck pledged to file schedules within a week or two

10   of the meeting, the Debtor has yet to do so.  Golden Declaration, ¶ 4.

11        In sum, to date the Debtor has not provided any information (beyond answers to a few

12   questions at the meeting of creditors) or turned over any assets or records to the Trustee.  The

13   Trustee is addressing those failures via a motion recently granted by this Court that designates

14   Hauck as the "Debtor" under FRBP 9001(5).  In the meantime, however, the Trustee is operating

15   with no funds and very little information regarding the Debtor's historical financial transactions.

16        **D.      Proposed Agreement with Advantage Sales and Marketing LLC, Formerly**

17        **d/b/a Take 5 Media Group ("Advantage")**

18        On September 11, 2019, Advantage's counsel Trevor Sullivan contacted the Trustee

19   regarding a former business relationship between Advantage and the Debtor.  Mr. Sullivan stated

20   that Advantage purchased the assets of an email marketing company called Take 5 Media Group

21   in April 2018, and that the Take 5 Media Group business unit of Advantage (the "Take 5 Unit")

22   had performed services for US Direct under one or more marketing agreements.  Mr. Sullivan

23   further stated that Advantage had recently discovered inconsistencies with reporting metrics on

24   email campaigns run by the Take 5 Unit, and as a result Advantage had decided to shut down the

25   Take 5 Unit and refund clients for email campaigns run since Advantage acquired Take 5 Media

26   Group.  Mr. Sullivan represented that US Direct had paid the Take 5 Unit a total of $50,009.31

27   and offered to provide the Trustee with a full refund of this amount in exchange for execution of a

28   release agreement.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

1    The Trustee's counsel negotiated two modifications to the proposed release agreement.

2    First, Advantage agreed to pay an additional $2,000 to defray the Trustee's expenses in presenting

3    this Motion, bringing Advantage's total payment to the Estate to $52,009.31 (the "Settlement

4    Payment"). In exchange for the Settlement Payment, the Trustee shall provide the requested

5    general release of all claims the Estate may have against Advantage relating to the Take 5 Unit.

6    Second, however, the agreement was also modified to (1) add a representation and warranty by

7    Advantage that the total amount of money received from the Debtor by the Take 5 Unit is

8    $50,009.31, and (2) provide that if the representation understates the amount of money received

9    from the Debtor by the Take 5 Unit by more than $2,000, all of the releases in the agreement are

10   void ab initio and the Trustee shall be free to pursue any and all claims the Estate may have

11   against Advantage.

12       The Trustee now seeks approval of the release agreement with the negotiated modifications

13   (the "Agreement"), a copy of which is attached as Exhibit "1" to the Golden Declaration.

14   **II.    THE COURT SHOULD APPROVE THE AGREEMENT BECAUSE IT IS FAIR**

15       **AND EQUITABLE AND IN THE BEST INTEREST OF THE ESTATE**

16       The Court should approve the proposed Agreement between the Trustee and Advantage

17   because it is fair and equitable and in the best interest of the estate and creditors. Federal Rule of

18   Bankruptcy Procedure 9019 provides that "[o]n motion by the trustee and after notice and a

19   hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The

20   Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving

21   compromise agreements." *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610,

22   620 (9th Cir. 1988); *Goodwin v. Mickey Thompson Entm't Grp., Inc.* (*In re Mickey Thompson*

23   *Entm't Grp., Inc.*), 292 B.R. 415, 420 (9th Cir. BAP 2003). In approving a settlement agreement,

24   the Court need conduct neither an exhaustive investigation into the validity, nor a mini-trial on the

25   merits, of the claims sought to be compromised. *U.S. v. Alaska Nat'l Bank* (*In re Walsh Constr.,*

26   *Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient that the Court find that the

27   settlement was negotiated in good faith and is reasonable, fair and equitable. *Martin v. Kane (In*

28   *re A & C Props.*), 784 F.2d 1377, 1381 (9th Cir. 1986); *see also Protective Committee of*

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  *Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)

2  (establishing "fair and equitable" standard for approval of compromises in bankruptcy).

3      In evaluating the fairness of a proposed compromise, the Ninth Circuit has instructed

4  courts to consider four factors, namely: (a) the probability of success in the litigation; (b) the

5  difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation

6  involved, and the expense, inconvenience and delay necessarily attending it; and (d) the

7  paramount interest of the creditors and a proper deference to their reasonable views in the

8  premises. *Woodson*, 839 F.2d at 620 (quoting *A & C Props.*, 784 F.2d at 1381). Consideration of

9  these factors does not require the Court to decide the questions of law and fact raised in the

10  controversies sought to be settled, or to determine whether the settlement presented is the best one

11  that could possibly have been achieved. Rather, the Court need only canvass the issues to

12  determine whether the settlement falls "below the lowest point in the zone of reasonableness."

13  *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir.), *cert. denied sub nom. Benson v. Newman*, 409 U.S.

14  1039 (1972). Finally, although the Court should give deference to the reasonable views of

15  creditors, "objections do not rule. It is well established that compromises are favored in

16  bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990); *see also A*

17  *& C Props.*, 784 F.2d at 1381 ("The law favors compromise and not litigation for its own sake.");

18  *Am. W. Airlines, Inc. v. City of Phoenix (In re Am. W. Airlines, Inc.)*, 214 B.R. 382, 386 (Bankr. D.

19  Ariz. 1997) ("The law favors compromise.").

20      Based on these principles and application of the pertinent *Woodson* factors, the Trustee's

21  proposed Agreement should be approved because it is reasonable, fair, equitable, and in the best

22  interest of creditors and the estate. The proposed Agreement provides for the Estate to receive not

23  only a 100% refund of all payments made by the Debtor to the Take 5 Unit, but also an additional

24  $2,000 to defray the cost of the present Motion. The Estate will receive these benefits without the

25  risk, uncertainty, or expense of litigation – which, in any event, would be extremely difficult (if not

26  impossible) for the Trustee to conduct given that the Estate currently has no funds and extremely

27  little information regarding the Debtor's historical financial transactions. Finally, if the Trustee

28  later discovers that the Estate has substantially greater claims against Advantage than Advantage

1    has represented, the releases in the Agreement shall be void and the Trustee shall be free to pursue

2    those claims on behalf of the Estate.  In short, the Agreement will permit the Trustee to recover

3    over $50,000 in much-needed cash for the Estate without any significant risk or expense.

4    **III.    <u>CONCLUSION</u>**

5        For all of the foregoing reasons, the Trustee requests that the Court: (1) grant the Motion;

6    (2) approve the Agreement; (3) authorize the Trustee to enter into the proposed Agreement on the

7    terms provided therein; and (4) provide such other related relief as may be necessary to effectuate

8    the foregoing.

9

10    Date: October 21, 2019                    LANDAU GOTTFRIED & BERGER LLP

11

12                                /s/ MONICA RIEDER
                                MONICA RIEDER
13                                Attorneys for Jeffrey I. Golden,
                                Chapter 7 Trustee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1              **DECLARATION OF JEFFREY I. GOLDEN**

2          I, Jeffrey I. Golden, declare:

3          1.      I am the duly appointed Chapter 7 trustee of the estate of US Direct, LLC ("US

4    Direct" or the "Debtor").  The following is based upon my personal knowledge or on information

5    and belief and if called as a witness herein, I could and would competently testify thereto.  All

6    terms defined in the Motion are incorporated by reference herein as though set forth in full.

7          2.      I am informed that, prior to its bankruptcy, the Debtor was a direct mail business.

8    The Debtor's headquarters, prior to its shutdown, were located 1700 Barranca Parkway, Irvine, CA

9    92606.  The Debtor had two more business locations in Illinois and New Jersey.  In one or more of

10   its locations, the Debtor housed heavy stationary equipment used in the course of its direct mail

11   business.

12         3.      Pursuant to the Court's amended order for relief, the Debtor was required to file

13   schedules, the statement of financial affairs, and a list of all creditors by no later than July 5, 2019.

14   The Debtor failed to meet that deadline.  Additionally, the Debtor did not appear at the initial § 341

15   meeting of creditors, which I conducted on July 10, 2019.

16         4.      On August 14, 2019, I held a continued § 341 meeting of creditors.  Brian Hauck

17   appeared on behalf of the Debtor.  Based on Hauck's assurances that the Debtor will be filing

18   schedules shortly, I continued the meeting of creditors to September 18, 2019.  Although Hauck

19   pledged to file schedules within a week or two of the meeting, the Debtor has yet to do so.

20         5.      To date, the Debtor has not provided any information (beyond answers to a few

21   questions at the meeting of creditors) or turned over any assets or records to me.

22         6.      On September 11, 2019, my office was contacted by Trevor Sullivan, counsel for

23   Advantage Sales & Marketing LLC, formerly d/b/a Take 5 Media Group ("Advantage"), regarding

24   a former business relationship between Advantage and the Debtor.  Mr. Sullivan stated that

25   Advantage purchased the assets of an email marketing company called Take 5 Media Group in

26   April 2018, and that the Take 5 Media Group business unit of Advantage (the "Take 5 Unit") had

27   performed services for US Direct under one or more marketing agreements.  Mr. Sullivan further

28   stated that Advantage had recently discovered inconsistencies with reporting metrics on email

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

1  campaigns run by the Take 5 Unit, and as a result Advantage had decided to shut down the Take 5

2  Unit and refund clients for email campaigns run since Advantage acquired Take 5 Media Group.

3  Mr. Sullivan represented that US Direct had paid the Take 5 Unit a total of $50,009.31 and offered

4  to provide the Estate with a full refund of this amount in exchange for execution of a release

5  agreement.

6        7.     My counsel negotiated two modifications to the proposed release agreement.  First,

7  Advantage agreed to pay an additional $2,000 to defray the expense of presenting this Motion,

8  bringing Advantage's total payment to the Estate to $52,009.31 (the "Settlement Payment").  In

9  exchange for the Settlement Payment, I shall provide the requested general release of all claims

10  the Estate may have against Advantage related to the Debtor's dealings with the Take 5 Unit.

11  Second, however, the agreement was also modified to (1) add a representation and warranty by

12  Advantage that the total amount of money received from the Debtor by the Take 5 Unit is

13  $50,009.31, and (2) provide that if the representation understates the amount of money received

14  from the Debtor by the Take 5 Unit by more than $2,000, all of the releases in the agreement are

15  void ab initio and I shall be free to pursue any and all claims the Estate may have against

16  Advantage.  A copy of the release agreement with the negotiated modifications (the "Agreement")

17  is attached hereto as Exhibit "1".

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    8.    As explained in the Motion, I believe that the Agreement is reasonable, fair,

2  equitable, and in the best interest of creditors and the estate.  The Agreement provides for the Estate

3  to receive not only a 100% refund of all payments made by the Debtor to the Take 5 Unit, but also

4  an additional $2,000 to defray the cost of the present Motion.  The Estate will receive these benefits

5  without the risk, uncertainty, or expense of litigation – which, in any event, would be extremely

6  difficult (if not impossible) for me to conduct given that the Estate currently has no funds and

7  extremely little information regarding the Debtor's historical financial transactions.  Finally, if I

8  later discover that the Estate has substantially greater claims against Advantage than Advantage has

9  represented, the releases in the Agreement shall be void and I shall be free to pursue those claims on

10  behalf of the Estate.  In short, the Agreement will permit me to recover over $50,000 in much-

11  needed cash for the Estate without any significant risk or expense.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on October 17, 2019, at Costa Mesa, California.

                                                    Jeffrey I. Golden

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

10

EXHIBIT 1

## GENERAL RELEASE AGREEMENT

This General Release Agreement (this "***Agreement***") is made and effective as of the last signature date set forth below (the "***Effective Date***") by and between Jeffrey I. Golden ("***Trustee***"), Chapter 7 trustee for the bankruptcy estate (the "***Estate***") of US Direct, LLC ("***Debtor***"), and Advantage Sales & Marketing LLC, which formerly did business as Take 5 Media Group ("Advantage").

## RECITALS:

A.      Advantage purchased the assets of the Take 5 Media Group on April 1, 2018.

B.      Advantage and its predecessors previously contracted for the Take 5 Media Group business unit of Advantage to provide marketing services to Debtor pursuant to one or more agreements, statements of work, purchase orders, sales orders and/or other purchasing documents (collectively, the "***Prior Agreements***").

C.      During an internal audit, Advantage discovered inconsistencies in the email campaign reports provided to clients, including some inaccurate reports of the number of emails delivered, open rates, and click through rates; and some traffic to client websites may have been generated by other means.

D.      As a result of this situation, Advantage has permanently closed down the Take 5 business unit, and is reimbursing all clients for the full value of the investment made with Advantage relating to the Take 5 Media Group business unit of Advantage since Advantage purchased the Take 5 Media Group. Advantage desires to make a payment to Trustee in exchange and as consideration for a release regarding the Prior Agreements, subject to the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the mutual covenants and conditions contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.      <u>Payment</u>.

(a)      Advantage will pay to Trustee $52,009.31 (the "***Payment***") within ten (10) business days of Advantage's receipt from Trustee of (I) this Agreement duly executed and not revoked by Trustee, and (II) a duly executed W-9 executed by Trustee.

(b)      Subject to Section 4 and to Advantage making the Payment, the parties agree that Advantage shall have no further liability under the Prior Agreements with respect to services rendered prior to the date hereof.

2.      <u>Release of Liability</u>.

(a)      Subject to Section 4, effective on the date on which the Trustee receives the Payment in good funds, Trustee, on behalf of the Estate, hereby releases and forever discharges Advantage, its parents, subsidiaries and affiliates, past or present, and each of them, and their respective directors, officers, agents, servants, employees, assigns, predecessors and successors in interest, and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be affiliated, and each of them (collectively, the "***Releasees***"), from and against any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action in law or equity, obligations, controversies, debts, costs, expenses, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether known or unknown, fixed or contingent, suspected or unsuspected by the Trustee, and whether concealed or hidden (collectively, "***Claims***"), which the Estate may now own or hold or have at any time heretofore owned or held, which are based upon or arise out of or in connection with the Prior

1

EXHIBIT 1
11

Agreements or the service rendered by the Take 5 Media Group business unit of Advantage (or for which the Take 5 Media Group business unit of Advantage otherwise received payment) prior to the Effective Date (collectively the "***Released Matters***"), except that the foregoing release does not extend to Advantage's obligation to make the Payment, or to Alexander Radetich, Richard Gluck or any of their legal entities.

(b)    The provisions of this Section 2 may be pleaded by the Releasees as a full and complete defense and may be used as the basis for an injunction against any action at law or equity instituted or maintained against them in violation hereof. In the event any Claim is brought or maintained by the Trustee against a Releasee in violation of this Section 2, the Trustee shall be responsible for all costs and expenses, including, without limitation, reasonable attorneys' fees, incurred by the Releasee in defending same.

(c)    Trustee (i) represents and warrants that he has not assigned to any other person or entity any of the Estate's rights, title and interest in, to and under the Released Matters, (ii) represents, warrants and acknowledges that he has been fully advised by an attorney of the contents of Section 1542 of the Civil Code of the State of California ("***Section 1542***"), (iii) understands the benefits offered under Section 1542 and (iv) agrees to waive the benefits thereof and any rights he may have thereunder. Section 1542 provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

TRUSTEE UNDERSTANDS THAT THIS WAIVER WILL PREVENT HIM FROM BRINGING CLAIMS THAT ARE UNKNOWN, UNSUSPECTED OR UNDISCLOSED AT THE TIME OF EXECUTION OF THIS AGREEMENT.

Trustee also, on behalf of the Estate, waives the benefits of, and any rights he may have under, any statute or common law principle of similar effect in any jurisdiction.

3.    <u>Miscellaneous</u>. Each party represents and warrants that the signatory hereto has the authority to execute and deliver this Agreement on behalf of the party hereto for which such signatory is acting. This Agreement represents the complete understanding of the parties with respect to the subject matter hereof, and may not be modified, amended or altered except by their subsequent written agreement. No prior or other agreement or understanding pertaining to the matters set forth herein shall be valid or of any force or effect. The warranties, representations, agreements and obligations contained in this Agreement shall survive the execution and delivery of this Agreement and shall survive any and all performances in accordance with this Agreement. This Agreement may be executed in any number of counterparts which together shall constitute this Agreement. Transmission by email of a pdf copy of the signed counterpart of this Agreement shall be deemed the equivalent of the delivery of the original. This Agreement shall be construed and enforced in accordance with the laws of the State of Delaware. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, assigns and related entities.

4.    <u>Advantage Representation and Warranty</u>. Advantage represents and warrants that the total amount of money received from the Debtor by the Take 5 Media Group business unit of Advantage is $50,009.31. Notwithstanding anything else set forth in this Agreement, if the representation and warranty in this Section 4 understates the amount of money received from the Debtor by the Take 5 Media Group business unit of Advantage by more than $2,000, all of the releases in this Agreement are void ab initio and the Trustee shall be free to pursue any and all claims the Estate may have against Advantage.

[signature page follows]

3

EXHIBIT 1
13

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the last signature date set forth below.

**JEFFREY I. GOLDEN**

By: _____
Name:  Jeffrey I. Golden
Title:  Chapter 7 Trustee for US Direct, LLC
Date: _____

**ADVANTAGE SALES & MARKETING LLC**
**FORMERLY D/B/A TAKE 5 MEDIA GROUP**

By: _____
Name: _____
Title: _____
Date: _____

4

EXHIBIT 1
14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Landau Gottfried & Berger LLP, 1880 Century Park East, Suite 1101, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*): ***Chapter 7 Trustee's Notice of Motion and Motion for Order Pursuant to FRBP 9019 Approving Release Agreement Between Chapter 7 Trustee and Advantage Sales & Marketing LLC Formerly D/B/A Take 5 Media Group; Memorandum of Points and Authorities; Declaration of Jeffrey I. Golden in Support Thereof*** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 21, 2019,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 21, 2019,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Mark S. Wallace**
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 6135/ Courtroom
6C Santa Ana, CA 92701-4593

United States Trustee (SA)
Attn: Frank Cadigan
411 W 4th St Ste 7160
Santa Ana, CA 92701

Advantage Solutions
Attn:  Trevor Sullivan
18100 Von Karman Avenue,
Suite 1000
Irvine, CA 92612

US Direct LLC
1700 Barranca Parkway
Irvine, CA 92606

Brian Hauck
7290 Edinger Ave., #4160
Huntington Beach, CA 92647

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 21, 2019 | Anastasia Vedrova | /s/ Anastasia Vedrova |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NEF** (Contd.)

- **Anerio V Altman**   LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- **LESLIE A BOWER**   leslie@labowerlaw.com
- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com
- **Shraddha Bharatia**   notices@becket-lee.com
- **Jeffrey D Cawdrey**   jcawdrey@grsm.com, jmydlandevans@grsm.com;madeyemo@gordonrees.com;sdurazo@grsm.com
- **Lauren Chee**   lchee@thompsoncoburn.com, dclow@thompsoncoburn.com
- **Jerome S Demaree**   stan@demaree-law.com
- **Caroline Djang**   caroline.djang@bbklaw.com,
  julie.urquhart@bbklaw.com;sansanee.wells@bbklaw.com;paul.nordlund@bbklaw.com
- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **Craig N Haring**   charing@blankrome.com, arc@blankrome.com
- **Brian Hockett**   bhockett@thompsoncoburn.com
- **Asa W Markel**   amarkel@masudafunai.com, asa.markel@azbar.org;yperdue@masudafunai.com;mlee@masudafunai.com
- **Jennifer M Millier**   jennifer@millierlaw.com, jennifer.millier.esq@gmail.com
- **Tania M Moyron**   tania.moyron@dentons.com, chris.omeara@dentons.com;nick.koffroth@dentons.com
- **Christopher J Petersen**   cjpetersen@blankrome.com, gsolis@blankrome.com
- **Timothy A Riedel**   triedel@baileycav.com, lpatterson@baileycav.com
- **Monica Rieder**   mrieder@lgbfirm.com
- **Randye B Soref**   rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov
- **Roye Zur**   rzur@lgbfirm.com, srichmond@lgbfirm.com;vrichmond@lgbfirm.com;avedrova@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.